IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-210-BO

BANNOR MICHAEL MACGREGOR,       )
                                )
            Appellant,          )
V.                              )        O R D E R
                                )
KEVIN L. SINK, Trustee for      )
Duncan Morgan, LLC,             )
                                )
            Appellee.           )

This cause comes before the Court on appellant's motion for stay and leave to appeal. Appellee has responded and the matter is ripe for ruling. For the reasons that follow, appellant's motion is denied.

## BACKGROUND

Appellant, Bannor Michael MacGregor (hereinafter appellant or MacGregor), seeks leave pursuant to 28 U.S.C. § 158(a)(3) to appeal the order of the United States Bankruptcy Court for the Eastern District of North Carolina, Raleigh Division entered May 15, 2020. [DE 1]. The order MacGregor seeks to appeal denied his motion to reconsider the bankruptcy court's order granting the trustee's motion for Rule 2004 production of documents by MacGregor.

The debtor in the underlying bankruptcy proceeding, Duncan Morgan, LLC, filed a petition pursuant to Chapter 11 of the United States Bankruptcy Code on July 8, 2019. MacGregor is a creditor and equity holder of the debtor. Appellee, Kevin Sink (herein after appellee or trustee), was appointed Chapter 11 trustee by the bankruptcy court on August 21, 2019. On April 9, 2020, the trustee filed a motion for production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure seeking the production of certain documents

by MacGregor. The bankruptcy court granted the motion the same day and ordered MacGregor to produce any and all bank statements for accounts on which MacGregor has signatory authority for the period of January 1, 2017, to present that had not previously been provided to the trustee. The order specifically required MacGregor to provide statements for a Bank of America account, the account number for which ended in #6488 (#6488 account).

The basis for the request for production of such documents was the presence of a $50,000 transfer from the #6488 account one month prior to the Chapter 11 petition date in the debtor's bank records. The trustee contends that the debtor's records provided by MacGregor do not provide any justification or reason for the transfer to the debtor from the #6488 account. According to records the trustee has been provided, however, the debtor transferred $50,000 to Damian Gill, the principal of an Australian business entity, contemporaneous to the transfer from the #6488 account. This transfer was allegedly for the acquisition of a 6.1% ownership interest in an Australian entity known as Moving Minz; the debtor asserts that the ownership interest was issued in MacGregor's name although the $50,000 transfer came from the debtor's account.

The bankruptcy court agreed with the trustee that the identity of the owner of the #6488 account and the source of funds for the transfer was relevant to the trustee's efforts to determine the assets and liabilities of the bankruptcy estate and ordered the Rule 2004 production. The bankruptcy court further relied on the presence of substantial funds transfers between the debtor and MacGregor, concerning which the trustee is trying to ascertain whether the funds belong to the debtor as opposed to MacGregor. Finally, the bankruptcy court noted its contempt order entered against MacGregor on March 16, 2020, for his failure to produce compelled documents as ordered.

## DISCUSSION

District courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S. § 158(a). Interlocutory orders are "those bankruptcy court orders that are provisional in nature and subject to revision . . . ." *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). An appeal of any bankruptcy court order that is not a final order is interlocutory, and the party seeking to appeal must receive leave of court to do so. 28 U.S.C. § 158(a)(3). "In seeking leave to appeal an interlocutory order or decision, the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) (citation omitted). District courts will typically grant leave to appeal only where the interlocutory order implicates a controlling question of law regarding which there is a substantial ground for a difference of opinion and an immediate appeal will materially advance the termination of the litigation. *Atl. Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *Weaver Cooke Const., LLC v. Randolph Stair & Rail Co.*, No. 5:14-CV-709-BR, 2014 WL 6460609, at *1 (E.D.N.C. Nov. 17, 2014). However, due to the nature of bankruptcy proceedings, the concept of finality for purposes of appellate jurisdiction is somewhat flexible, allowing any order which "finally dispose[s] of discrete disputes within the larger case" to be immediately appealed. *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983)).

In his motion, appellant asks this Court to stay the May 15, 2020, order of the bankruptcy court and for leave to appeal that order. In support, appellant recites arguments he made to the bankruptcy court in his motion for reconsideration of the order for Rule 2004 production of documents, including that the trustee's request fell outside the scope of a Rule 2004

3

examination. Appellant presents the following question for appeal: "was sufficient evidence presented by the Trustee to allow the Rule 2004 Motion and corresponding order by denying MacGregor's Motion to Reconsider Order on Motion for Rule 2004 Production of Documents (Bannor Michael MacGregor)." [DE 5 at 4].

Appellant has failed in his motion to demonstrate that leave to appeal an interlocutory order of the bankruptcy court should be granted. Appellant has not cited a controlling question of law for which there is a substantial ground for a difference of opinion, nor has he argued that an immediate appeal will advance the termination of the litigation.

Moreover, appellant has not shown that the order on appeal finally disposes of a concrete issue within the case. It is the general rule that discovery orders are not final decisions subject to immediate appeal. *See In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (discovery orders are "clearly interlocutory decision[s]"). This view has been followed by numerous courts in the context of bankruptcy, and specifically in the context of Rule 2004 orders. *See, e.g., In re: Coleman Craten, LLC.*, 15 F. App'x 184 (4th Cir. 2001) (unpublished) (affirming dismissal of appeal of Rule 2004 order as interlocutory); *Decker v. Scott*, No. 5:19-CV-00009, 2019 WL 4491332, at *3 (W.D. Va. Sept. 18, 2019). Appellant has not demonstrated in his motion that leave should be granted to appeal this interlocutory order in this instance.

The motion for leave to appeal is therefore denied. As leave to appeal has been denied, the request to stay pending appeal is denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, appellant's motion for leave to appeal is DENIED and request to stay pending appeal is DENIED AS MOOT.

The clerk is directed to close this case.

SO ORDERED, this 29 day of June, 2020.

                                                 _____
                                                 TERRENCE W. BOYLE
                                                 CHIEF UNITED STATES DISTRICT JUDGE

5

Case 5:20-cv-00210-BO   Document 9   Filed 06/30/20   Page 5 of 5